UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV96-03-MU
3:99CR155-1-MU

| | |
|---|---|
| CHARLES PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Charles Phillips' (hereinafter "Petitioner") "Motion For Correction of Sentence Pursuant to 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence," filed March 5, 2004 (Document No. 1.) Also before the Court is the State's Motion for Summary on Summary Judgment, filed August 27, 2004 (Document No. 5.) Also before this Court is "Petitioner's Supplemental Motion to his § 2255 Petition" filed August 9, 2004 in his closed civil case 3:03cv537.

## I. Factual and Procedural Background

On October 6, 1999, Petitioner and two co-defendants were indicted on one count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On the same date, the United States filed an Information pursuant to 21 U.S.C § 841(b) setting forth the amount of the controlled substance involved in the alleged violation, to wit: approximately 10 kilograms of cocaine and approximately 9 ounces of cocaine base.

1

Petitioner complied with the conditions of his pretrial release until February 2, 2000 at which time he failed to report to the Pretrial Office. A warrant for his arrest was issued on May 31, 2000. Petitioner was arrested on October 11, 2001, in New Jersey.

On March 20, 2002, Petitioner appeared with his court-appointed attorney before United States Magistrate Judge Brent McKnight and plead guilty "straight up" to Count One of the Indictment. At the Rule 11 plea hearing, Magistrate Judge McKnight found that Petitioner's plea was knowingly and voluntarily made, that Petitioner understood the charges against him, and that Petitioner as aware of the penalties and consequences of his plea. Under oath, the Petitioner acknowledged the same.

On May 9, 2002, Petitioner appeared with his court-appointed attorney for sentencing before the Honorable Graham C. Mullen. At the sentencing hearing, the Court found that based upon the answers Petitioner gave at the Rule 11 hearing and the representations made by Petitioner and his attorney at said hearing, Petitioner's plea was "knowingly and voluntarily made, and an understanding of the charges, potential penalties and consequences of his plea. Accordingly, [the] Court accept[ed] his plea of guilty." (Transcript of Sentencing Hearing at 2.) Without objection, the Court also found that "[b]ased upon the Presentence Report, . . . there [was] a factual basis for the [Petitioner's] plea of guilty, affirm[ed] acceptance of the same and direct[ed] an entry of a verdict of guilty." (Id.) The Court sentenced Petitioner to 96 months in prison.

On August 5, 2002, Petitioner filed a notice of appeal, which was deemed timely filed pursuant to an Order entered on September 18, 2002. On October 24, 2002, Petitioner filed a brief in the Fourth Circuit Court of Appeal pursuant to the decision rendered in <u>Anders v. California</u>, 386 U.S. 738 (1967). In the appeal, Petitioner's attorney stated that she had "conducted a diligent review"

2

of both the record and relevant case law but was "unable to find an argument with any merit." (Brief of Appellant Charles Phillips at 2.) The United States filed a responsive brief agreeing with Petitioner's attorney that there were "no arguable issues to support [the] appeal." (Brief for the United States at 1.) Petitioner did not file a pro se supplemental brief.

In an unpublished opinion decided on February 21, 2003, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Phillips, No. 02-4652, slip op. at 2 (4th Cir. Feb. 21, 2003). In its opinion, the Fourth Circuit found that there were no grounds for appeal; specifically finding that "the Rule 11 hearing was adequate, and the district court did not err in accepting Phillips' guilty plea ." Id. The Appellate Court also found that there was no "error in the district court's determination of Phillips' sentence." Id.

Petitioner filed the present Motion to Vacate on March 5, 2004 alleging that (1) the Indictment was defective for failing to set out the amount of drugs; (2) his guilty plea was not made knowingly and voluntarily; (3) his sentence was unlawful because the Indictment failed to set out the amount of the drugs; and (4) Petitioner's appellate counsel was ineffective for failing to raise claims on appeal challenging his sentence.

## II. Analysis

### A. The Defective Indictment Claim is Defaulted

Petitioner contends the Indictment was defective because it failed to "state the essential elements of the crime. Specifically, Petitioner is challenging that the Indictment failed to state the amount of drugs he was being charged with conspiring to possess with the intent to distribute and distributing. However, Petitioner did not raise this issue in his direct appeal.

Title 28 U.S.C. § 2255 provides relief only for jurisdictional or harmful constitutional errors

3

and for errors of federal law that involve a fundamental defect that results in a miscarriage of justice. A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts unless the petitioner demonstrates "cause" excusing his procedural default resulting from the so-called errors of which he complains. United States v. Lardrum, 93 F.3d 122, 124-25 (4th Cir. 1996). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousely v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent." Id. at 622. Petitioner offers no evidence to establish "cause and actual prejudice" or that he in innocent of the charges; therefore, his claim of a defective indictment is not cognizable under 28 U.S.C. § 2255.[1]

### B. Petitioner's Plea Was Knowing and Voluntary and this Claim is Barred

Petitioner claims that his plea was not knowingly and voluntarily entered into because the drug quantity was not alleged in the Indictment.[2] This is simply a rephrasing of the argument that the Indictment was defective. However, the Court will address the claim.

---

[1] Petitioner's was indicted on October 6, 1999, prior to the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), but sentenced on May 9, 2002, after apprendi was decided. Additionally, the Indictment which charged Petitioner with "conspiracy to possess with intent to distribute, and distribute a quantity of cocaine and cocaine base, Schedule II controlled substances, a violation of Title 21, United States Code, Sections 841(a)(1) and 846" was sufficient to notify the Petitioner of the offense. See United States v. Promise, 255 F.3d 150, 160 (4th Cir. 2001) (finding indictment sufficient where it charged defendant with conspiracy to possess with intent to distribute "a quantity of cocaine and cocaine base.")

[2] On the same day that the Government filed the Indictment against Petitioner, they also filed an Information pursuant to 21 U.S.C. § 841(b) setting forth the amount f the controlled substance the government contended was involved in the charged offense. Therefore, Petitioner's argument that he had no notice of the drug quantity involved and thought he was pleading to a lesser amount is disingenuous.

4

Petitioner plead guilty and was given a Rule 11 hearing. At that hearing, Magistrate Judge McKnight specifically inquired whether he understood the elements of the offense he was charged with. The Petitioner told the Judge that he did. He also was given the opportunity to ask questions of the Court and he stated that he did not have any questions. The district court, at a later hearing, affirmed the acceptance of Petitioner's plea and sentenced Petitioner to a term of 96 months.

As an initial matter, statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of his plea, United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), and that findings by a trial court in accepting a plea "constitute a formidable barrier to its subsequent attack." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, statements made by a defendant both at the Rule 11 hearing and at his sentencing are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. Id.

Next, Petitioner raised this issue on appeal, therefore this claim is barred. While Petitioner's appellate counsel filed an Anders brief, she did identify two possible arguments for the court's consideration: whether the plea was voluntarily entered and whether the sentence imposed violated the law or Mr. Phillips' constitutional rights. The Fourth Circuit explicitly held that "[t]he record established that the Rule 11 hearing was adequate, and the district court did not err in accepting Phillips' guilty plea." Phillips, No. 02-4652, slip op. at 2.

Once a defendant is provided a full and fair opportunity to litigate his claim, he cannot relitigate the claim in a § 2255 proceeding unless there has been a intervening change in the law.[3]

---

[3] In his reply brief, Petitioner argues that Harris v. United States constitutes an intervening change in the law. However, the Court notes that Harris was decided in 2002 and the Fourth Circuit did not issue a decision in Petitioner's case until February 2003. Therefore, this "intervening change in the law" was decided before the Fourth Circuit issued its opinion.

5

Boeckenhaupt v. United States, 537 F.2d 1182, 11183 (4th Cir. 1976). Petitioner is not entitled to relitigate the guilty plea issue, decided adversely to him on direct appeal, in this § 2255 motion.

### C. The Validity of Petitioner's Sentence was Raised on Direct Appeal and is Barred

Petitioner alleges that his sentence is not lawful because the Indictment did not include the quantity of drugs. Like the claim regarding the voluntariness of his plea, this claim was raised on direct appeal and the Court of Appeals concluded that there was no error in the district court's determination of Petitioner's sentence. Therefore, this claim is also barred.

Once a defendant is provided a full and fair opportunity to litigate his claim, he cannot relitigate the claim in a § 2255 proceeding unless there has been a intervening change in the law.[4] Boeckenhaupt v. United States, 537 F.2d 1182, 11183 (4th Cir. 1976). Petitioner is not entitled to relitigate the validity of his sentence, which was decided adversely to him on direct appeal, in this § 2255 motion. Moreover, Petitioner's sentence of 96 months does not exceed the statutory maximum of 20 years, therefore his sentence does not violate the principles of Apprendi.[5]

### D. Petitioner's Ineffective Assistance of Counsel Claim is Without Merit

In his final attempt to challenge the Indictment for failing to specify the drug quantity, Petitioner argues that his appellate counsel was ineffective for failing to file a memorandum of law to support his argument that his sentence was not valid in light of Ring v. Arizona, 536 U.S. 584

---

[4] In his reply brief, Petitioner argues that Harris v. United States constitutes an intervening change in the law. However, the Court notes that Harris was decided in 2002 and the Fourth Circuit did not issue a decision in Petitioner's case until February 2003. Therefore, this "intervening change in the law" was decided before the Fourth Circuit issued its opinion.

[5] Under 21 U.S.C. § 841(b)(1)(C), a defendant whose indictment for a violation of § 841(a) does not describe the quantities of drugs involved may receive a sentence of 20 years imprisonment. Petitioner was sentenced to 96 months. Since his sentence did not exceed the statutory maximum for the count of conviction, it does not violate the principles of Apprendi.

(2002).

The Sixth Amendment right to effective assistance of counsel extends to require such assistance on direct appeal of a criminal conviction.. Evitts v. Lucey, 469 U.S. 387 (1985). The Supreme Court set forth the threshold requirements for establishing ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must demonstrate (1) that his attorney's representation was deficient and (2) that the deficient performance prejudiced the petitioner's case. Id. at 687. To establish prejudice, the petitioner "must show that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are therefore worth bringing. Jones v. Barnes, 463 U.S. 745 (1983).

The record shows that appellate counsel filed a brief on Petitioner's behalf pursuant to Anders v. California, 386 U.S. 738 (1967), stating that she was unable to find, after a diligent review of the record, an argument with any merit. Counsel respectfully requested that the Fourth Circuit conduct a complete review of the record for error pursuant to Anders. The Fourth Circuit then informed Petitioner of his right to file a pro se supplemental brief.[6]

Petitioner argues that he provided counsel with a brief to file with the Fourth Circuit on his behalf challenging the validity of his sentence, and counsel did not file the brief. The affidavit attached to the Government's Motion for Summary Judgement clarifies what took place between appellate counsel and Petitioner. Counsel's affidavit explains that she received a "Motion for Correction of Unconstitutional Imposed Sentence in Light of Ring v. Arizona." The motion was

---

[6] The Court notes that Petitioner did not file a supplemental brief.

7

directed to the district court. Counsel wrote to Petitioner explaining that she was his appellate counsel not trial counsel and inquired what Petitioner wanted her to do with the motion. Petitioner wrote back to counsel stating that he was merely seeking her opinion about the legal position he was taking in his motion.

Petitioner has not shown how appellate counsel's failure to file his "brief" was ineffective. Counsel has shown, through her affidavit, that the motion Petitioner sent to her was not for the purpose of filing it with the Fourth Circuit. Instead the "motion" was challenging his sentence as a 2255 motion. Also, counsel's affidavit made it clear that she reviewed the record but did not find any issues appropriate for appeal. Therefore counsel did what was reasonable – she filed an <u>Anders</u> brief with the Fourth Circuit asking the Court to review the entire record. Counsel also pointed out two possible issues for the Court's consideration" whether the plea was voluntarily entered and whether the sentence imposed violated the law or Petitioner's constitutional rights.

Given that Counsel stated that she reviewed the record and could not find any issues appropriate for appellate review and then filed an <u>Anders</u> brief, this Court cannot find that counsel's performance fell below an objective standard of reasonableness. Therefore, counsel was not ineffective. Furthermore, even if this Court were to find that counsel's performance was deficient, Petitioner has not established prejudice. The Fourth Circuit concluded that there was no error with Petitioner's plea or his sentence. Further, the Fourth Circuit concluded, after reviewing the entire record, there was no error. This Court finds that there is no evidence supporting that appellate counsel was deficient and furthermore, even if there was, Petitioner has not shown prejudice.

### E. Petitioner's Supplemental Motion to his § 2255 Petition is Futile

On August 9, 2004, Petitioner filed a motion entitled "Petitioner's Supplemental Motion to

8

his § 2255 Petition. The motion was filed and docketed in Petitioner's closed civil case 3:03 cv537 instead of in this civil case (3:04cv96). The Court has reviewed the motion and finds that the Motion must be denied.

Petitioner seeks to supplement his Motion to Amend to include a claim based on the United States Supreme Court's holding in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). Petitioner essentially argues that <u>Blakely v. Washington</u> constitutes an intervening change in the law. Petitioner is correct that the <u>Blakely</u> case constitutes an intervening change in the law, however, as explained below, the Supreme Court has not indicated that it can be retroactively applied to cases pending on collateral review.

Rule 12 of the Rules Governing § 2255 proceedings states: "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules ... and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure whichever it deems most appropriate." Because the Rules Governing § 2255 do not specify a procedure for amending motions, courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000).

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, under Rule 15(a) leave to amend shall be freely given, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See <u>Forman v. Davis</u>, 371 U.S. 178, 182, 83 (1962); <u>Davis v. Piper Aircraft Corp.</u>, 615 F.2d 606, 613 (4th Cir. 1980).

9

The Court first notes that it is aware of the recent pronouncements in Blakely. However, the Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely ruling is derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that Blakely can be retroactively applied on collateral review. Thus, in light of Sanders, it is likely that Blakely also will not be deemed to be retroactively applicable in collateral review contexts. Therefore, since the sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings, and therefore would be futile, the Court will deny his Motion to Amend.

### III. Order

For the foregoing reasons, it is hereby ordered:

1. The Government's Motion for Summary Judgment is **GRANTED.**

2. Petitioner's Motion to Vacate is **DENIED AND DISMISSED**.

3. Petitioner's Motion to Supplement his Motion to Vacate (Doc. No. 4 - filed in case no. 3:03cv 537) is **DENIED.**

4. The Clerk is directed to file document no 4 in case no. 3:03cv537 as a motion to amend in the instant case.

**Signed: June 21, 2005**

Graham C. Mullen
Chief United States District Judge