DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV96-03-MU
3:99CR155-1-MU

| | |
|---|---|
| CHARLES PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Charles Phillips' (hereinafter "Petitioner") "Motion For Order to Grant § 2255 Writ of Habeas Corpus and remand for Further Proceedings," filed April 21, 2006 (Document No. 13.)   For the reasons stated herein, Petitioner's Motion is DENIED.

### I. Factual and Procedural Background

On October 6, 1999, Petitioner and two co-defendants were indicted on one count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On the same date, the United States filed an Information pursuant to 21 U.S.C § 841(b) setting forth the amount of the controlled substance involved in the alleged violation, to wit: approximately 10 kilograms of cocaine and approximately 9 ounces of cocaine base.

Petitioner complied with the conditions of his pretrial release until February 2, 2000 at which time he failed to report to the Pretrial Office.  A warrant for his arrest was issued on May 31, 2000. Petitioner was arrested on October 11, 2001, in New Jersey.

On March 20, 2002, Petitioner appeared with his court-appointed attorney before United States Magistrate Judge Brent McKnight and plead guilty "straight up" to Count One of the Indictment. At the Rule 11 plea hearing, Magistrate Judge McKnight found that Petitioner's plea was knowingly and voluntarily made, that Petitioner understood the charges against him, and that Petitioner as aware of the penalties and consequences of his plea. Under oath, the Petitioner acknowledged the same.

On May 9, 2002, Petitioner appeared with his court-appointed attorney for sentencing before the Honorable Graham C. Mullen. At the sentencing hearing, the Court found that based upon the answers Petitioner gave at the Rule 11 hearing and the representations made by Petitioner and his attorney at said hearing, Petitioner's plea was "knowingly and voluntarily made, and an understanding of the charges, potential penalties and consequences of his plea. Accordingly, [the] Court accept[ed] his plea of guilty." (Transcript of Sentencing Hearing at 2.) Without objection, the Court also found that "[b]ased upon the Presentence Report, . . . there [was] a factual basis for the [Petitioner's] plea of guilty, affirm[ed] acceptance of the same and direct[ed] an entry of a verdict of guilty." (Id.) The Court sentenced Petitioner to 96 months in prison.

On August 5, 2002, Petitioner filed a notice of appeal, which was deemed timely filed pursuant to an Order entered on September 18, 2002. On October 24, 2002, Petitioner filed a brief in the Fourth Circuit Court of Appeal pursuant to the decision rendered in Anders v. California, 386 U.S. 738 (1967). In the appeal, Petitioner's attorney stated that she had "conducted a diligent review" of both the record and relevant case law but was "unable to find an argument with any merit." (Brief of Appellant Charles Phillips at 2.) The United States filed a responsive brief agreeing with Petitioner's attorney that there were "no arguable issues to support [the] appeal." (Brief for the United States at 1.) Petitioner did not file a pro se supplemental brief.

In an unpublished opinion decided on February 21, 2003, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Phillips, No. 02-4652, slip op. at 2 (4th Cir. Feb. 21, 2003). In its opinion, the Fourth Circuit found that there were no grounds for appeal; specifically finding that "the Rule 11 hearing was adequate, and the district court did not err in accepting Phillips' guilty plea ." Id. The Appellate Court also found that there was no "error in the district court's determination of Phillips' sentence." Id.

Petitioner filed a Motion to Vacate in this Court on March 5, 2004, alleging that (1) the Indictment was defective for failing to set out the amount of drugs; (2) his guilty plea was not made knowingly and voluntarily; (3) his sentence was unlawful because the Indictment failed to set out the amount of the drugs; and (4) Petitioner's appellate counsel was ineffective for failing to raise claims on appeal challenging his sentence. By Order dated June 27, 2005 this Court denied Petitioner's Motion to Vacate.

On April 21, 2006 Petitioner filed the instant motion again arguing that the indictment was defective because it failed to set out the drug amount. Petitioner's new motion is simply a restatement of his previous motion to vacate which included claims attacking his conviction and sentence. This is generally not permitted and is considered to be a successive petition.

A successive petition is available only in limited circumstances. The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition. United States v. Winestock, 340 F.3d 200 206 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed

deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly attacking his sentence and conviction and therefore, this Court will construe his Motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion for Order to grant § 2255 Writ of Habeas Corpus and Remand for Further Proceedings" is Denied.
**SO ORDERED**.

Signed: April 24, 2006

Graham C. Mullen
United States District Judge